# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **Adams,** individually and on behalf of other members of the general public similarly situated, | : : : : | |
| | : | Civil Action No. 2:22-cv-3132 |
| Plaintiff, | : : | Judge Michael H. Watson |
| v. | : : | Magistrate Judge Kimberly A. Jolson |
| **Liberty Healthcare Services, LLC,** *et al.* | : : : : : : | **JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT AND BRIEF IN SUPPORT** |
| Defendants. | | |

Representative Plaintiff Misti Adams ("Representative Plaintiff") and Defendants Liberty Healthcare Services, LLC, Liberty Healthcare Services, LLC Plus, Chanthou Phay, and Gail Bounemany ("Defendants") (collectively Named Plaintiff and Defendants will be referred to as the "Parties") respectfully and jointly move this Court for an Order approving their Fair Labor Standards Act ("FLSA") settlement. The settlement was reached by experienced wage and hour counsel during arms-length, good faith negotiations following individualized damages analysis.

The following documents are submitted for the Court's approval:

**Exhibit 1**: Collective Action Settlement Agreement and Release (the "Agreement")[1] with the following Exhibit:

**Exhibit 1-A**: Notice of Settlement of Collective Action Lawsuit and Consent Form and Release.

**Exhibit 2**: Declaration of Peter Contreras (hereinafter "Contreras Decl."); and

**Exhibit 3**: Proposed Stipulated Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal with Prejudice.

---

[1] Unless otherwise noted, all capitalized words and phrases used throughout this motion and brief shall have the same meaning as set forth in the Collective Action Settlement Agreement and Release.

**MEMORANDUM IN SUPPORT**

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

    A.     **Summary of the Claims and Procedural History**

On August 16, 2022, Representative Plaintiff filed this case (the "Lawsuit" or the "Action") against Defendants on behalf of herself and other allegedly similarly situated current and former healthcare employees. Compl., ECF No. 1; Contreras Decl., Ex. 2, ¶6.

In the Action, Representative Plaintiff alleged that Defendants failed to pay their hourly employees overtime for all hours worked in excess of forty (40) in one or more workweek(s) in violation of the Fair Labor Standards Act, §§ 201, *et seq.* Specifically, Representative Plaintiff alleged that Defendants violated the FLSA by failing to pay hourly employees all overtime wages owed when such employees worked more than 40 hours in a week by instead paying them at their base hourly rate for all hours worked ("straight time pay"), including those hours in excess of 40 per week. Compl., ECF No. 1, ¶¶ 40-41; Contreras Decl., Ex. 2, ¶7.  Representative Plaintiff also alleged Defendants failed to pay all overtime wages owed by issuing hourly employees two (2) separate paychecks each pay period with total hours worked divided between the separate paychecks. Compl., ECF No. 1, ¶¶ 43-46. Contreras Decl., Ex. 2, ¶8. Defendants deny these allegations and assert that they properly paid their hourly employees, including Representative Plaintiff, for all hours worked.

On December 9, 2022, the Parties filed a Joint Motion for Conditional Certification and to Approve the Parties' Proposed Notice and Consent. ECF No. 8. The Court granted the Motion that same day. ECF No. 9. Contreras Decl., Ex. 2, ¶9.

On January 19, 2023, the Parties filed a Joint Motion to Stay because they agreed to engage in settlement discussions and negotiations. ECF No. 10. On January 27, 2023, the Court granted the Parties' Motion to Stay the Case. ECF No. 11. Contreras Decl., Ex. 2, ¶10.

Prior to engaging in settlement discussions, Defendants provided time and compensation records for Representative Plaintiff and other hourly employees that Representative Plaintiff contends are similarly situated, to wit, all current and former hourly, non-exempt employees of Defendants[2] who provided in-home care and/or other in-home services for Liberty Healthcare and were paid for at least forty (40) or more hours in any single workweek from October 25, 2019 to present. Class Counsel performed an individualized damages analysis using this information. After engaging in settlement negotiations through their respective counsel, the Parties were ultimately able to reach a resolution. Contreras Decl., Ex. 2, ¶¶ 11–12.

In addition to Representative Plaintiff, the following individuals have joined the case to date: Terri H. Love, Tessie Noecker, and Larry Oliver (collectively "Current Opt-In Plaintiffs").

**B.** **Summary of the Key Settlement Terms**

The total settlement amount is $288,368.31. This amount includes: (a) all potential individual settlement payments to twenty-one (21) Eligible Settlement Participants,[3] inclusive of Representative Plaintiff and Current Opt-In Plaintiffs; (b) a service award of $7,000.00 to Representative Plaintiff for her services in bringing and prosecuting this Action; and (c) Class Counsel's attorneys' fees and litigation expenses.

A Notice of Settlement (attached to the Agreement) and Consent Form and Release

---

[2] Including Representative Plaintiff and Current Opt-In Plaintiffs.
[3] Eligible Settlement Participants will receive a settlement payment if they timely submit a consent form, which will be filed with the Court, as outlined in the Collective Action Settlement Agreement and Release. Those who do not submit a timely consent form will not release their claims and will not receive their potential Settlement Award, which will remain the property of Defendants.

("Consent Form") will be sent to the Eligible Settlement Participants. Eligible Settlement Participants who timely complete, sign, and submit a valid and timely Consent Form, which will be filed with the Court by Class Counsel, will become Claimants. Only those Eligible Settlement Participants who join the settlement by timely submitting a Consent Form will be bound by the Agreement. Contreras Decl., Ex. 2, ¶ 14, fn. 2.

The potential Settlement Awards are proportional to the total calculated alleged damages for an alleged 3-year statute of limitations for each Eligible Settlement Participant. The Settlement Awards include: (1) a potential payment for 100% of the damages related to the alleged unpaid overtime; and (2) a potential *pro rata* payment for liquidated damages and OPPA damages. This type of allocation is commonly used in class and collective action settlements. *Id.*, ¶17. This recovery is fair and reasonable given the facts and circumstances of this case. *See Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *4-5 (S.D. Ohio Dec. 2, 2016) (approving a settlement that represented approximately 55% of allegedly owed wages); *See Smith v. SAC Wireless, LLC*, No. 20-10932, 2022 WL 1744785, at *3 (E.D. Mich. May 31, 2022) (citing *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1609, 2010 WL 776933, at *8 (N.D. Ohio Mar. 8, 2010)).

In exchange for the total settlement amount payment and other consideration provided for in the Agreement, this Lawsuit will be dismissed with prejudice, and the Claimants (including Representative Plaintiff and Current Opt-In Plaintiffs) who timely submit a Consent Form will release Defendants from federal, state, and local wage-and-hour claims, rights, demands, liabilities and causes of action that were asserted, or could have been asserted, in the Lawsuit. Contreras Decl., Ex. 2, ¶18.

II. **PROPRIETY OF APPROVAL OF THE SETTLEMENT.**

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. Court approval is warranted on all scores.

A. **Satisfaction of 7-Factor Standard**

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enters., Inc.*, No. C2-05-500, 2008 WL 2468868, at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven (7) factors to evaluate class action settlements, which are:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)), *Crawford*, 2008 WL 4724499, at *3.

The settlement in this Action satisfies each of these elements.

1. *No Indicia of Fraud or Collusion Exists.*

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-cv-1677, 2020 WL 4673163, at *2 (S.D. Ohio Aug. 12, 2020) (Sargus, J.) (quoting *IUE-CWA v.*

*Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006)). The Agreement was achieved only after arm's-length and good faith negotiations between the Parties. Contreras Decl., Ex. 2, ¶ 19. As such, there is no indicia of fraud or collusion, and this factor favors approval of the Settlement.

> 2. *The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval.*

The policy favoring settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 WL 3966253, at *3 (S.D. Ohio Aug. 17, 2018) (Watson, J.) (internal quotation marks and further citation omitted) ("[M]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them.").

If this Action had not settled, the Parties would be required to engage in costly litigation, such as briefing on class certification, formal written discovery, depositions, dispositive motions, trial, and potential appeals. The Settlement, on the other hand, provides substantial relief to the Eligible Settlement Participants promptly and efficiently and amplifies the benefits of that relief through the economies of collective resolution. Contreras Decl., Ex. 2, ¶20-21.

> 3. *Investigation Was Sufficient to Allow the Parties to Act Intelligently.*

The Parties engaged in substantial investigation and analysis prior to negotiating the Settlement. Specifically, Defendants produced all necessary payroll and timekeeping information for the Eligible Settlement Participants. Class Counsel built a damages model, which was instrumental in guiding Representative Plaintiff's negotiations. *Id.*, ¶¶11–12.

In addition, the Parties assessed their potential risk of loss. Thus, the legal and factual issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well understood by both sides.

4. *The Risks of Litigation Favor Approval.*

The settlement represents a compromise of disputed claims. Specifically, Representative Plaintiff alleges that she and other hourly employees were not compensated for their overtime hours worked as required. On the other hand, Defendants deny these allegations and assert that they fully compensated their hourly employees for all time worked.

The Parties also disagree about whether the 2-year limitations period for non-willful violations or 3-year limitations period for willful violations applies, whether liquidated damages are appropriate, and whether the claims alleged can proceed collectively. *Id.*, ¶21.

Accordingly, if this Action had not settled, it is possible that there would be no recovery for the Eligible Settlement Participants at all. *Id.*, ¶ 25.

5. *The Opinion of Representative Plaintiff's Counsel Favor Approval.*

Class Counsel is highly experienced in wage-and-hour collective and class actions. At all times, they have acted in good faith and have vigorously represented the interests of the Eligible Settlement Participants, which include Representative Plaintiff and Current Opt-In Plaintiffs. Importantly, Class Counsel opines that the settlement is fair, reasonable, adequate, and in the best interests of Representative Plaintiff, Current Opt-In Plaintiffs, and Eligible Settlement Participants *Id.*, ¶¶21-25. "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright*, 2018 WL 3966253, at *5 (further citation omitted). Accordingly, this factor favors approval of the settlement.

6. *The Reaction of Absent Class Members Favors Approval.*

If the Court approves the settlement, the Eligible Settlement Participants will receive a Notice of Settlement and Consent Form. They will be given the option to join the Settlement by timely submitting their signed Consent Form. Only those Eligible Settlement Participants who join

the Settlement by timely submitting their signed Consent Form will be bound by the Agreement. Those Eligible Settlement Participants who do not join the Settlement will not receive their potential Settlement Award, and they will retain the right to pursue their own claims. Contreras Decl., Ex. 2, ¶14, fn. 2.

    7. *The Public Interest Favors Approval.*

"Public policy generally favors settlement of class action lawsuits." *Wright*, 2018 WL 3966253, at *5 (quoting *Hainey v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007)) (internal quotation marks omitted). Like in *Wright*, "the Settlement confers immediate benefits on the [Eligible Settlement Participants], avoids the risks and expense in further litigation, and conserves judicial resources." *Id.* Thus, as in *Wright*, the Court should find that this factor supports approval of the Settlement.

    A. **The Settlement Distributions Are Fair, Reasonable, and Adequate.**

In addition to evaluating the seven (7) factors discussed above, the Court must also "ensure that the distribution of the settlement proceeds is equitable." *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 WL 4721208, at *6 (S.D. Ohio Sept. 9, 2016) (Marbley, J.) (internal quotation marks and further citation omitted).

    1. *The Individual Payments Are Reasonable and Adequate.*

As part of their pre-settlement evaluation, Class Counsel engaged in a comprehensive individualized analysis of the class data provided by Defendants' Counsel. Alleged damages were calculated for the alleged violations in workweeks that Eligible Settlement Participant worked forty (40) or more hours. The potential Settlement Awards include: (1) a potential payment for 100% of the damages related to the alleged pay violations during qualifying weeks; and (2) a potential *pro rata* payment for liquidated damages and OPPA damages. The total amount owed was settled upon as reasonable based on the information learned during settlement discussions and

informal discovery. Contreras Decl., Ex. 2, ¶12. This recovery is fair and reasonable given the facts and circumstances of this case. *See Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *4-5 (S.D. Ohio Dec. 2, 2016) (approving a settlement that represented approximately 55% of allegedly owed wages); *see Smith*, 2022 WL 1744785, at *3 (citing *Dillworth*, 2010 WL 776933, at *8) (finding a recovery to be "fair and reasonable" where it "greatly exceed[ed] the typical 7-11% recovery in FLSA cases[]"); *see also Yorba v. Barrington Sch., LLC*, No. 2:21-cv-691, 2022 WL 2436952, at *5 (S.D. Ohio July 5, 2022) (Sargus, J.) (discussing *Smith*, 2022 WL 1744785, at *3) (referencing the same typical recovery of 7-11% in FLSA cases).

All Settlement Awards will be calculated proportionally. Contreras Decl., Ex. 2, ¶17. As such, each Eligible Settlement Participant will have the opportunity to obtain compensation for alleged unpaid wages that are proportional to the damages calculated by Class Counsel for each Eligible Settlement Participant.

2. *Representative Plaintiff's Service Award is Proper and Reasonable.*

The Agreement provides for a Service Award of $7,000.00 to Representative Plaintiff in addition to her individual payment. Contreras Decl., Ex. 2, ¶¶14-15. Courts routinely approve service awards to named plaintiffs in class and collective action litigation because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 WL 6485159, at *8 (S.D. Ohio Dec. 3, 2019) (Vascura, M.J.) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)) (internal quotation marks omitted). Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Id.* (quoting *Dillworth v. Case Farms*

*Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010)) (internal quotation marks omitted).

Here, Representative Plaintiff contributed significant time, effort, and detailed factual information, enabling Class Counsel to evaluate the strength of this case and reach the present Settlement. Contreras Decl., Ex. 2, ¶ 15.

   3. *<u>The Attorneys' Fees to Class Counsel Are Proper and Reasonable.</u>*

After the Court has confirmed that the terms of the Settlement are fair to the Eligible Settlement Participants, it may review the Agreement as to the provision of fees and litigation expenses to Class Counsel.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

The Agreement provides a payment of attorneys' fees to Class Counsel in the amount of one-third (1/3) of the total settlement amount, i.e., $96,122.77. A one-third fee award is "typical for attorney's fees in common fund, FLSA collective actions in this District[.]" *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) (Morrison, J.). This "is a normal fee amount in a wage and hour case." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 WL 6310376, at *5 (S.D. Ohio Nov. 25, 2019) (Rice, J.) (citing *Carr v. Bob Evans Farms, Inc.*, No. l:17-cv-1875, 2018 WL 7508650, at *4 (N.D. Ohio

July 27, 2018)); *see also Ganci*, 2019 WL 6485159, at *7 (approving an award of one-third of a settlement fund in a wage and hour case); *Call v. CTA Pizza, Inc.*, No. 2:18-cv-00696, 2019 WL 5307071, at *5 (S.D. Ohio Oct. 21, 2019) (Marbley, J.) (same); *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 WL 1614822, at *7 (N.D. Ohio Mar. 26, 2019) (same); *Wright*, 2018 WL 3966253, at *8 (same); *Osman v. Grube, Inc.*, No. 3:16-cv-00802, 2018 WL 2095172, at *5 (N.D. Ohio May 4, 2018) (same); *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09CV1608, 2010 WL 2490989, at *8 (N.D. Ohio June 15, 2010) (same).

Class Counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs, and expenses. Thus, Class Counsel "assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci*, 2019 WL 6485159, at *7.

Finally, courts in this district acknowledge that "wage and hour class and collective actions, such as this, are inherently complex and time-consuming." *Brandenburg*, 2019 WL 6310376, at *3 (further citation omitted). Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third of the settlement fund appropriately compensates Class Counsel for its prosecution of this case and advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g.*, *Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 WL 2532922, at *4 (S.D. Ohio June 24, 2011) (Black, J.) ("[S]ociety has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

    4.    <u>*The Court Should Authorize Reimbursement to Class Counsel of Its Out-of-Pocket Expenses Incurred in this Case.*</u>

Class Counsel should also be reimbursed their litigation expenses, which as of the date of this Joint Motion are $402.

"Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg*, 2019 WL 6310376, at *7 (further citation omitted). In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id.* (further citation omitted). Because Class Counsel's litigation expenses were incurred in the prosecution of the claims in this case and in obtaining settlement, the Court should award reimbursement of these expenses to Class Counsel.

### III.  CONCLUSION

The Parties submit that this Settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the Proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal with Prejudice; (2) approve Class Counsel's request for attorneys' fees and expenses; (3) approve the requested service payments to Representative Plaintiff; and (4) retain jurisdiction to enforce the settlement if necessary. The Parties also acknowledge that Representative Plaintiff's claims brought under the Ohio Wage Act brought pursuant to Rule 23, which were not certified by this Court, are being dismissed without prejudice, noting that while Representative Plaintiff, Current Opt-In Plaintiffs and Claimants who worked in Ohio have released all Ohio Wage Act claims against Defendants through this Settlement Agreement, no other Eligible Settlement Participant who declines to participate in this Settlement has released any claims against Defendants nor have they received any consideration with regard to these claims.

Respectfully submitted,

| | |
|---|---|
| */s / Matthew J.P. Coffman* | */s / Theodore R. Saker, Jr.* |
| Matthew J.P. Coffman (0085586) | **Theodore R. Saker, Jr.** |
| Adam C. Contreras (0085256) | Theodore R. Saker, Jr. |
| Kelsie N. Hendren (100041) | 2929 Kenny Road Suite 280 |
| **Coffman Legal, LLC** | Columbus, OH 43221 |
| 1550 Old Henderson Road, Suite 126 | 614-488-9900 |
| Columbus, OH 43220 | 614-488-5238 (fax) |
| 614-949-1181 | Email: ted@saker-law.com |
| 614-386-9964 (FAX) | |
| | *Attorney for Defendants* |
| Email: mcoffman@mcoffmanlegal.com | |
| aContreras@mcoffmanlegal.com | |
| khendren@mcoffmanlegal.com | |

*/s/ Peter Contreras*
Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-957-7515
Email: peter.contreras@contrerasfirm.com

*Attorneys for Named Plaintiff
and those similarly situated*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 25th day of January 2024 a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

               */s/ Peter Contreras*
               Peter Contreras (0087530)