UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Misti Adams,

    Plaintiff,

v.

Liberty Healthcare Services, LLC, et al.,

    Defendant.

Case No. 2:22-cv-3132

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Misti Adams ("Representative Plaintiff") sued Liberty Healthcare Services, LLC, Liberty Healthcare Services, LLC Plus, Chanthou Phay, and Gail Bounemany (collectively "Defendants") for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws. Compl., ECF No. 1. The parties have settled the FLSA claims, have dismissed the state-law claims, and move for approval of their settlement agreement. Mot., ECF No. 25. The parties expect that twenty-one individuals will be eligible to participate in the settlement. *Id.* at 3.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a

settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same analysis to an FLSA settlement). Factors relevant to this determination include: "(1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of plaintiff's success on the merits; and (5) the public interest in settlement." *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3 (citation omitted). Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case, as the parties dispute, *inter alia*, whether Defendants properly paid Representative Plaintiff and similarly situated employees overtime wages. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel. The settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals. Further, the parties represent that they engaged in substantial informal discovery and, therefore, have had the opportunity to consider their likelihoods of success.

The total settlement amount is $288,368.31. Settlement Agreement ¶ 19, ECF No. 35-1. From this amount, each individual settlement payment will include a pro rata share based on the number of workweeks worked in the relevant period. *Id.* ¶ 4. The parties represent that this payment includes:

(1) a potential payment for 100% of the damages related to the alleged unpaid overtime; and

(2) a potential pro rata payment for liquidated damages and OPPA damages.

Mot. 4, ECF No. 25. Representative Plaintiff will receive a $7,000 service award in addition to her individual payment. Settlement Agreement ¶ 52, ECF No. 35-1.

These payments are reasonable. *See Vigna*, 2016 WL 7034237, at *2–4 (approving a settlement that represented about 55% of allegedly owed wages); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual

efforts taken on behalf of the class"). Moreover, attorney's fees of $96,122.77— representing one third of the total settlement amount— and $402.00 in litigation costs are reasonable. *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District.").

The parties' joint motion, ECF No. 55, is **GRANTED**, including its request for attorney's fees and costs. The settlement agreement and proposed notice and related forms are **APPROVED**. The Court **DISMISSES** the FLSA claims **WITH PREJUDICE** and state-law claims **WITHOUT PREJUDICE** but retains jurisdiction to enforce the terms of the settlement agreement.[1] The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Settlement Agreement includes the following provision:

> Counsel for the Parties have agreed upon the following payment schedule to satisfy Defendants' total payment obligations hereunder. In seeking the Approval Order, the Parties will request that the Court enter judgment and stay execution of the same as long as Defendants make the required initial and monthly payments discussed below. Upon satisfaction of this Agreement and all payments required herein, Representative Plaintiff shall move this court to vacate the judgment and dismiss this case with prejudice. Both the Representative Plaintiff and Defendants stipulate to the entry of final judgment with no appeal provided the Court approves the terms of this Agreement.

Settlement Agr. ¶ 29, ECF No. 25-1. The parties' motion for approval did not ask the Court to follow this scheme and, in any event, the Court would not be inclined to do so.